**NEWPORT TRIAL GROUP**
Scott J. Ferrell, Bar No. 202091
sferrell@trialnewport.com
James B. Hardin, Bar No. 205071
jhardin@trialnewport.com
Victoria C. Knowles, Bar No. 277231
vknowles@trialnewport.com
NEWPORT TRIAL GROUP
895 Dove Street, Suite 425
Newport Beach, CA 92660
Telephone:  (949) 706-6464
Facsimile:  (949) 706-6469

Michael L. Kelly, Bar No. 82063
mlk@kirtlandpackard.com
Heather M. Baker, Bar No. 261303
hmb@kirtlandpackard.com
Kirtland & Packard LLP
2041 Rosecrans Ave, Third Floor
El Segundo, CA 90245
Telephone:  (310) 536-1000
Facsimile:  (310) 536-1001

*Counsel for Plaintiff and all
others similarly situated*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NINA SHIN, on behalf of herself and all others similarly situated,<br><br>       Plaintiffs,<br><br>       v.<br><br>DIGI-KEY CORPORATION, a Minnesota corporation, and DOES 1-10, inclusive,<br><br>       Defendant. | Case No. 2:12-cv-05415-PA (JCGx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>Date:          September 17, 2012<br>Time:         1:30 p.m.<br>Judge:       Hon. Percy Anderson<br>Courtroom:  15<br><br>[Filed concurrently with Notice of Motion and Motion; Declarations of Nina Shin, Scott Ferrell, Andrew Baslow, and Michael L. Kelly; [Proposed] Order] |

# TABLE OF CONTENTS

**Page(s)**

I.    INTRODUCTION ........................................................................ - 1 -

II.    BACKGROUND .......................................................................... - 2 -

    A.    Procedural History...................................................... - 2 -

    B.    Defendant Has Refused to Allow Any Discovery to
        Commence..................................................................... - 5 -

    C.    Compliance with Local Rules .................................... - 6 -

III.    ARGUMENT................................................................................ - 6 -

    A.    Legal Standard............................................................ - 6 -

        1.    Rule 23(a) ........................................................ - 6 -

    B.    The Requirements of Rule 23(a) Have Been Satisfied. ........................... - 7 -

        1.    Numerosity Is Established As The Class Includes
            Tens of Thousands of Members........................ - 8 -

        2.    Commonality Is Easily Satisfied Because This Case Is
            Based On Defendant's Identical Conduct, Which
            Caused the Same Injury to Both Plaintiff and Class
            Members............................................................. - 9 -

        3.    The Typicality Requirement Is Satisfied Because
            Plaintiff's Claims All Are Based On The Same
            Conduct And Involve The Same Injury As The Class
            Members............................................................. - 11 -

        4.    Adequacy Of Representation Is Also Satisfied By
            Plaintiff And Her Counsel................................. - 12 -

    C.    Fed. R. Civ. P. 23(b)(2) Has Been Met. .................... - 14 -

        1.    Plaintiff And The Class Complain Of Standardized
            Conduct Applicable To The Entire Class. .................... - 15 -

    D.    The Requirements of Rule 23(b)(3) Have Been Met. .............................. - 15 -

i

## <u>TABLE OF CONTENTS(CONTINUED)</u>

<u>**Page(s)**</u>

1.   Common Issues Predominate Over Individual Issues For Both Causes Of Action. ............................................................ - 15 -

2.   Class Treatment Is A Superior Method Of Adjudication. ................................................................... - 16 -

E.   Newport Trial Group and Kirtland & Packard LLP Should Be Appointed Class Counsel. .................................................. - 21 -

IV.   CONCLUSION ................................................................... - 22 -

**MEM. OF POINTS AND AUTH. ISO MOT. FOR CLASS CERTIFICATION**

# **TABLE OF AUTHORITIES**

**Page(s)**

**FEDERAL CASES**

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997) ...................................................................................................... 15, 16, 18

*Blackie v. Barrack*, 524 F.2d 891 (9th Cir. 1975) ............................................... 7, 16, 21

*Brink v. First Credit Resources*, 185 F.R.D. 567 (D. Ariz. 1999).................................. 20

*Coopers & Lybrand v. Livesay*, 437 U.S. 463, 98 S. Ct. 2454, 57 L. Ed. 2d 351 (1978) 7

*Dukes v. Wal-Mart, Inc.*, 509 F.3d 1168 (9th Cir. 2007), *rev'd on other grounds,* __ U.S.__, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011).......................................... 13, 21

*Gen. Tel. of the Sw. v. Falcon*, 457 U.S. 147, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982) 6

*Haley v. Medtronic, Inc.*, 169 F.R.D. 643 (C.D. Cal. 1996)......................................... 13

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) ........................... 8, 11, 12, 16

*Hanon v. Dataproducts Corp.*, 976 F.2d 497 (9th Cir. 1992) ................................. 11, 12

*Herrera v. LCS Financial Servs. Corp.*, 274 F.R.D. 666 (N.D. Cal. 2011) ................. 21

*In re Abbott Labs. Norvir Antitrust Litig.*, Nos. C 04-1511 CW, C, 2007 WL 1689899 (N.D. Cal. June 11, 2007) ........................................................................... 8

*In re Unioil Sec. Litig.*, 107 F.R.D. 615 (C.D. Cal. 1985)................................................ 7

*Jimenez v. Domino's Pizza, Inc.*, 238 F.R.D. 241 (C.D. Cal. 2006)............................. 13

*Lerwill v. Inflight Motion Pictures, Inc.*, 582 F. 2d 507 (9th Cir. 1978) ....................... 12

*Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718 (9th Cir. 2007) .......................... 11

*McKenzie v. Fed. Ex. Corp.*, 275 F.R.D. 290 (C.D. Cal. 2011) (Feess, J.) ................... 18

*Negrete v. Allianz Life Ins. Co. of N. Amer.*, 238 F.R.D. 482 (C.D. Cal. 2006)............ 15

*Reynoso v. South County Concepts*, No. SACV07-373-JVS, 2007 WL 4592119 (C.D. Cal. Oct. 15, 2007) (Selna, J.)................................................................ 9, 17

*Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 474 (E.D. Cal. 2006) ................. 20

*Slaven v. BP Amer., Inc.*, 190 F.R.D. 649 (C.D. Cal. 2000) (Kelleher, J.)..................... 8

iii

# TABLE OF AUTHORITIES(CONTINUED)

**Page(s)**

*Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227 (9th Cir. 1996)...................................17

*Von Collin v. County of Ventura*, 189 F.R.D. 583 (C.D. Cal. 1999) ...............................8

*Walters v. Reno*, 145 F.3d 1032 (9th Cir. 1998) ...........................................................14

*Westways World Travel, Inc. v. AMR Corp.*, 218 F.R.D. 223 (C.D. Cal. 2003) ............7

*Winkler v. DTE, Inc.*, 205 F.R.D. 235 (D. Ariz. 2001) ...........................................16, 19

*Wright v. Linkus Enterprises, Inc.*, 259 F.R.D. 468 (E.D. Cal. 2009)...........................18

**OTHER CASES**

*People v. Superior Court of Los Angeles County*, 70 Cal. 2d 123, 449 P.2d 230, 74 Cal. Rptr. 294 (Cal. 1969) .................................................................................................11

**FEDERAL: STATUTES, RULES, REGULATIONS, CONSTITUTIONAL PROVISIONS**

Fed. R. Civ. P. 23(a)(3) .................................................................................................11

Fed. R. Civ. P. 23(b)(3)(A)-(D) ....................................................................................17

Fed. R. Civ. P. 23(g) .........................................................................................2, 21, 22

Fed. R. Civ. P. 23(g)(1)(A) ...........................................................................................21

Fed. R. Civ. P. 26(a)........................................................................................................5

Federal Rule of Civil Procedure 23(a)(1)-(4) and 23(b)(2)-(3) ......................................8

Federal Rule of Civil Procedure 23(b)(2) and (b)(3) ......................................................1

Local Rule 7-3.................................................................................................................6

Local Rule 23-3...............................................................................................................6

**OTHER: STATUTES, RULES, REGULATIONS, CONSTITUTIONAL PROVISIONS**

Cal. Penal Code § 630..............................................................................................2, 10

California Business and Professions Code § 17200 ................................................10, 15

California Penal Code §§ 631(a), 632(a) ................................................................10, 20

# <u>TABLE OF AUTHORITIES(CONTINUED)</u>

**Page(s)**

§ 632 of the California Penal Code ................................................................. 10

§ 637.2 of the California Penal Code ........................................................ 18, 21

Rule 12 .............................................................................................................. 5

Rule 16 .............................................................................................................. 5

Rule 23 ......................................................................................................... 7, 18

<u>Rule 23(a)</u> ......................................................................................... 6, 7, 11, 12

Rule 23(a)(2) ................................................................................................ 9, 11

Rule 23(b) .......................................................................................................... 6

Rule 23(b)(2) ............................................................................................ 2, 8, 14

Rule 23(b)(3) ............................................................................................. passim

Rule 23(b)(3)(B) .............................................................................................. 18

Rule 23(b)(3)(D) .............................................................................................. 20

Rule 26 .............................................................................................................. 5

Rule 26(a)(1)(A) ............................................................................................... 6

Rule 26(f) .......................................................................................................... 5

Rule 26(f)(1) ...................................................................................................... 5

Rule 26(f)(2) ...................................................................................................... 6

Rule 30(b)(6) ..................................................................................................... 5

<u>The Polls-A Report: Public Opinion Trends: Privacy and Information Technology</u>,
    Public Opinion Quarterly, no. 1 ................................................................ 4

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This is a simple and straightforward case.  Plaintiff Nina Shin ("Plaintiff") alleges that Digi-Key Corporation ("Defendant") has a policy and/or practice of recording or monitoring the telephone calls of its potential or actual customers without disclosing such activity to its callers.  Such activity violates California law.  Defendant's customer service representative recently confirmed such activity to an investigator retained by counsel for Plaintiff.

Plaintiff seeks to certify the following class under both Federal Rule of Civil Procedure 23(b)(2) and (b)(3):

> "Every person located in California whose telephone conversation(s) with Defendant were recorded or monitored by Defendant, without knowledge or consent of the class member, at any time during the four years preceding the filing of this Complaint."

(First Amended Complaint ¶ 14.)

This case is properly suited for class certification for a variety of reasons.

First, the Class is readily ascertainable and sufficiently numerous.  The class definition properly identifies Class members by a single objective characteristic – i.e., each class member's telephone conversation recorded or monitored by Defendant during the class period.

Second, a case like this, which is based on uniform policies and/or practices, is easily certifiable as a class action because common questions of fact and law predominate.  Here, each Class member was treated the same by having his or her telephone conversation(s) with Defendant recorded or monitored without the knowledge or consent of the Class member.  The claims at issue must be judged on a class-wide basis according to a single, objective standard based on common proof.  Further, the monetary loss to each Class member (the statutory damages) is likely to be identical, and readily calculable based on common proof.

Third, Plaintiff's claims are typical of the claims of the Class. Plaintiff sustained the same injury to her right to privacy as the Class, and Plaintiff and the Class assert identical claims arising from the same material facts, i.e., Defendant's unlawful recording or monitoring of their confidential telephone conversation(s) with Defendant.

Fourth, Plaintiff and her counsel are adequate representatives of the Class. Plaintiff has no conflicts with the Class and is not subject to any special defenses – her telephone conversation was unlawfully recorded and she suffered a statutory injury as a result, just like the Class. Plaintiff possesses a sufficient understanding about the nature and allegations of the case, and she is committed to pursuing it. Plaintiff's counsel have extensive experience in class action litigation, have no conflicts of interest, and will prosecute this action vigorously on behalf of Plaintiff and the Class.

Accordingly, Plaintiff respectfully moves for an order: (1) certifying Rule 23(b)(2) and a Rule 23(b)(3) classes to address violations of the California Unfair Competition Law and the California Penal Code; and (2) appointing the law firms of Newport Trial Group and Kirtland & Packard LLP as Class counsel pursuant to Fed. R. Civ. P. 23(g).

## II.   BACKGROUND

### A.   Procedural History

On June 21, 2012, Plaintiff filed a class action complaint against Defendant for: (1) violation of the California Penal Code § 630 *et seq.*; and (2) violation of the California Business and Professions § 17200 *et seq.*, on behalf of Defendant's customers and potential customers whose telephone conversations were recorded or monitored by Defendant, without their knowledge or consent, during the four years preceding the filing of the complaint. (*See* Original Complaint of 6/21/12, ¶ 12; docket #1.)

The Summons and original Complaint were served on Defendant on June 28, 2012. (Docket #5.) The parties stipulated to extend Defendant's last day to respond to the original Complaint to August 2, 2012. (Docket #6.)

On August 2, 2012, Plaintiff filed and served a First Amended Complaint ("FAC"). (Docket #8.) The allegations of the FAC, which this Court must take as true for purposes of the instant Motion, are, in relevant part, as follows:

In the Spring of 2012, Plaintiff called Defendant, a Minnesota corporation with its principal place of business in Thief River Falls, Minnesota, at 1-800-858-3616. (FAC ¶ 8; Declaration of Nina Shin of 8/13/12 ("Shin Decl.") ¶ 3.) Plaintiff spoke to a customer service representative named "Dave," and had a conversation that she considered to be private and confidential because she disclosed personal information including her home address, telephone number, and credit card information. (FAC ¶ 8; Shin Decl. ¶ 3.)

Plaintiff was not aware that her call with "Dave" was being recorded or monitored. (FAC ¶ 9; Shin Decl. ¶ 4.) Defendant did not, at any point during either the recorded message at the beginning of the call or during the telephone conversation, advise Plaintiff that the call was being recorded or monitored. (FAC ¶ 9; Shin Decl. ¶ 4.)

Because Plaintiff believes that Defendant recorded her private conversation without her knowledge or consent, Plaintiff then contacted an attorney. (FAC ¶ 10; Shin Decl. ¶ 5.)

In June 2012, an investigator engaged by counsel for Plaintiff called Defendant's customer service, and spoke to a customer service representative who identified himself as "Matt." (FAC ¶ 10; Declaration of Andrew Baslow of 8/15/12 ("Baslow Decl.") ¶ 2.) The investigator asked "Matt" whether Defendant records or monitors incoming telephone calls. (FAC ¶ 10; Baslow Decl. ¶ 2.) Defendant's customer service representative responded in the affirmative, stating, "Yes, incoming calls are recorded." (FAC ¶ 10; Baslow Decl. ¶ 2.) Before receiving such response, however, Plaintiff's investigator did not receive any notice that the call was being recorded nor did such investigator provide his consent to such recording. (FAC ¶ 10; Baslow Decl. ¶ 2.)

Defendant routinely records and/or monitors calls for "quality and training purposes."[1]  (FAC ¶ 10; Declaration of Scott J. Ferrell of 8/15/12 ("Ferrell Decl.") ¶ 2 Ex. 1.)

Plaintiff reasonably expected that her conversation with "Dave" was private and confidential.  (FAC ¶ 11; Shin Decl. ¶ 3.)  Indeed, Defendant's website makes the following promise:  "At Digi-Key, your privacy and the protection of your personal information is handled with great regard."[2]  (FAC ¶ 11; Ferrell Decl. ¶ 3 Ex. 2.)  Indeed, Defendant's website markets a host of privacy-related products, and even contains an article discussing the importance of telephone privacy.[3]  (FAC ¶ 11; Ferrell Decl. ¶ 4 Ex. 3.)

Plaintiff's subjective expectation of privacy was objectively reasonable based upon:  (1) Defendant's assurances regarding customer privacy, as described above; and (2) prevailing societal norms.  (FAC ¶ 12.)  Indeed, one recent poll showed that 73% of Americans believe that it is "extremely important" that conversations never be recorded or monitored without the consent of all parties.  *See* Harris Poll #17, dated March 19, 2003; (Ferrell Decl. ¶ 5 Ex. 4; FAC ¶ 12); *see also* 54 James E. Katz & Annette R. Tassone, The Polls-A Report:  Public Opinion Trends:  Privacy and Information Technology, Public Opinion Quarterly, no. 1, at 125-43 (Spring, 1990) (concluding generally that telephone privacy is very important to most Americans and that the idea of surreptitiously recording or monitoring of telephone calls is upsetting to a majority of people); Ferrell Decl. ¶ 6.

As if recording a private conversation was not bad enough, Defendant has apparently assigned at least five employees to "digitally stalk" Plaintiff.  (Shin Decl. ¶

---

[1]    See  http://dkc1.digikey.com/us/en/mkt/Order.html  (last accessed August 13, 2012); Ferrell Decl. ¶ 2 Ex. 1.
[2]    See  http://dkc1.digikey.com/us/en/mkt/Privacy.html  (last accessed August 13, 2012); Ferrell Decl. ¶ 3 Ex. 2.
[3]    See  http://www.digikey.com/techxchange/docs/DOC-1461  (article entitled "*Twitter admits peeking at address books, announces privacy improvements*") (last accessed August 13, 2012); Ferrell Decl. ¶ 4 Ex. 3.

6.)  Their names are Amber Beito, John Collins,[4] Kristine Dougherty, Karie Strandberg, and Laura Fischer.  *Id.*  All five individuals have snooped on Plaintiff's Linkedin profile on the Internet.  *Id.*

**B.**      **Defendant Has Refused to Allow Any Discovery to Commence.**

Plaintiff is filing the instant Motion without the aid of any discovery notwithstanding the Court's Standing Order[5] because Defendant has, regrettably, rejected multiple requests by Plaintiff to initiate discovery.  (Ferrell Decl. ¶¶ 7-11 Exs. 5-8.)   Indeed, in response to Plaintiff's most recent request to take a single Rule 30(b)(6) deposition of Defendant's corporate designee prior to class certification briefing, Defendant not only refused – it gave ex parte notice of its intent to file a motion to stay discovery.  *Id.* ¶ 11 Ex. 8.  Defendant's position is that "it is premature to conduct any Rule 26 activity until [Defendant's] Rule 12 motion is decided."  (Letter from P. Malingagio to S. Ferrell of 8/10/12 at 2; Ferrell Decl. ¶ 11 Ex. 8.)

In essence, Defendant's position is that the instant case should be exempt from: (1) the Rule 26(f)(1) requirement that the "parties . . . confer as soon as practicable" to prepare a proposed discovery plan; (2) the various deadlines regarding initial disclosures and pretrial discovery that are predicated upon the timely completion of the Rule 26(f) conference (which Defendant is holding hostage by refusing to participate in any Rule 26(f) conference); and (3) the Court's standing order, which makes it clear that by the time of the Rule 16 scheduling conference, the parties should already be well on their way towards "*complet[ing]* discovery" instead of *commencing* discovery. (Standing Order at 2:24.)

---

[4]      John Collins is Defendant's chief information officer.  (Shin Decl. ¶ 6.)
[5]      The Court's Standing Order provides in relevant part:   "Unless there is a likelihood that upon motion by a party the Court would order that any or all discovery is premature, it is advisable for counsel to begin to conduct discovery actively *before the Scheduling Conference*.  At the very least, the parties shall comply fully with the letter and spirit of Fed. R. Civ. P. 26(a) and thereby obtain and produce *most of what would be produced in the early stage of discovery*, because at the Scheduling Conference the Court will impose tight deadlines to *complete discovery*."  (Standing Order at 2:19-24) (emphasis added).

On August 14, 2012, Plaintiff served her Initial Disclosures pursuant to Rule 26(a)(1)(A) on Defendant.  (Ferrell Decl. ¶ 12.)  Such Initial Disclosures were provided unilaterally because Defendant simply refused to participate in developing a proposed discovery plan as required under Rule 26(f)(2).  *Id.*

### C.  Compliance with Local Rules

Under Local Rule 23-3, a party alleging a class action must move for class certification within 90 days after service of the complaint commencing a class action in this Court.  On June 28, 2012, Plaintiff served Defendant with the Summons and original class action Complaint in this action.  (Ferrell Decl. ¶ 13.)  Accordingly, the last day for Plaintiff to move for class certification is September 26, 2012.  Before bringing this Motion and consistent with Local Rule 7-3, counsel for Plaintiff met and conferred with counsel for Defendant regarding the substance of this motion.  (Ferrell Decl. ¶¶ 8, 9, 14 Exs. 5 and 6.)

## III.  ARGUMENT

### A.  Legal Standard

#### 1.  Rule 23(a)

"As the party seeking class certification," Plaintiff bears the burden of demonstrating that "each of the four requirements of Rule 23(a) *and* at least one of the requirements of Rule 23(b)" are met.  *Zinser v. Accufix Research Inst.*, 253 F.3d 1180, 1186 (9th Cir. 2001) (citing *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)) (emphasis added), *amended by* 273 F.3d 1266 (9th Cir. 2001).  Courts engage in a "rigorous analysis" to determine whether the requirements of Rule 23(a) have been satisfied.  *Gen. Tel. of the Sw. v. Falcon*, 457 U.S. 147, 161, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982).  "Frequently that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim.  That cannot be helped."  *Wal-Mart Stores, Inc. v. Dukes*, __ U.S.__, 131 S. Ct. 2541, 2551, 180 L. Ed. 2d 374 (2011).  "[T]he class determination generally involves considerations that are 'enmeshed in the factual and

legal issues comprising the plaintiff's cause of action.'" *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469, 98 S. Ct. 2454, 57 L. Ed. 2d 351 (1978) (citation omitted).

"The court is bound to take the substantive allegations of the complaint as true, thus necessarily making the class order speculative in the sense that the plaintiff may be altogether unable to prove his allegations." *Blackie v. Barrack*, 524 F.2d 891, 901 n.17 (9th Cir. 1975); *Westways World Travel, Inc. v. AMR Corp.*, 218 F.R.D. 223, 230 (C.D. Cal. 2003). "[T]he court may not put the plaintiff to preliminary proof of his claim . . . ." *Blackie*, 524 F.2d at 901 n.17. "[N]either the possibility that a plaintiff will be unable to prove his allegations, nor the possibility that the later course of the suit might unforeseeably prove the original decision to certify the class wrong, is a basis for declining to certify a class which apparently satisfies the Rule." *Blackie*, 524 F.2d at 901.

"[N]otwithstanding [the] obligation to take the allegations in the complaint as true, the Court is at liberty to consider evidence which goes to the requirements of Rule 23 even though the evidence may also relate to the underlying merits of the case." *In re Unioil Sec. Litig.*, 107 F.R.D. 615, 618 (C.D. Cal. 1985).

Ultimately, all that is necessary is enough information "to form a reasonable judgment" "on each of the Rule's requirements." *Blackie*, 524 F.2d at 901 n.17.

District courts have "broad discretion" to determine whether the Rule 23 requirements are met. *Zinser*, 253 F.3d at 1186.

**B.      The Requirements of Rule 23(a) Have Been Satisfied.**

Plaintiff brings this action on behalf of herself and all others similarly situated as members of the class below (referred to hereafter as the "Class"), defined as follows:

> *"Every person located in California whose telephone conversation(s) with Defendant were recorded or monitored by Defendant, without knowledge or consent of the class member, at any time during the four years preceding the filing of this Complaint."*

(FAC ¶ 14.)

The instant action has been brought and may be properly maintained as a class action pursuant to the provisions of Federal Rule of Civil Procedure 23(a)(1)-(4) and 23(b)(2)-(3).[6]   This action satisfies the numerosity, commonality, typicality, and adequacy requirements of those provisions as well as the predominance and superiority requirements of Rule 23(b)(3).

### 1.   <u>Numerosity Is Established As The Class Includes Tens of Thousands of Members.</u>

"The prerequisite of numerosity is discharged if 'the class is so large that joinder of all members is impracticable.'" *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998) (quoting Fed. R. Civ. P. 23(a)(1)).   "Impracticability is not measured strictly by number, although numbers are important; rather, impracticability depends on the facts of each case."   *Slaven v. BP Amer., Inc.*, 190 F.R.D. 649, 654 (C.D. Cal. 2000) (Kelleher, J.).   "As a general matter, courts have found that numerosity is satisfied when class size exceeds 40 members, but not satisfied when membership dips below 21." *Id.* (citations omitted).

"Where 'the exact size of the class is unknown, but general knowledge and common sense indicate that it is large, the numerosity requirement is satisfied.'"   *In re Abbott Labs. Norvir Antitrust Litig.*, Nos. C 04-1511 CW, C, 2007 WL 1689899, *6 (N.D. Cal. June 11, 2007) (quoting 1 Alba Cone & Herbert B. Newberg, *Newberg on Class Actions* § 3.3 (4th ed. 2002)); *see also Von Collin v. County of Ventura*, 189 F.R.D. 583, 590 (C.D. Cal. 1999).

Here, all of the relevant considerations favor class certification.   Although Plaintiff has not had an opportunity to conduct discovery and ascertain the exact number and identities of Class members through discovery of Defendant's books and records, (Ferrell Decl. ¶¶ 7-11 Exs. 5-8), the total class is estimated to consist of tens of

---

[6]   Plaintiff and the putative class are not seeking the certification of a Rule 23(b)(2) class seeking monetary damages.   In contrast, Plaintiff and the putative class are seeking the certification of a Rule 23(b)(3) class seeking both monetary damages and injunctive relief.

1   thousands of members.  (*See* Ferrell Decl. ¶ 23; FAC ¶ 16.)  The Class is so numerous

2   that the individual joinder of all of its members is impractical.

3        Given the size of the class, the numerosity factor is satisfied.  *Reynoso v. South*

4   *County Concepts*, No. SACV07-373-JVS (RCx), 2007 WL 4592119, at *2 (C.D. Cal.

5   Oct. 15, 2007) (Selna, J.) ("The sheer number of potential class members justifies the

6   Court's finding that the class in this case meets the numerosity requirement.").

7        **2.**    **<u>Commonality Is Easily Satisfied Because This Case Is Based On</u>**

8   **<u>Defendant's Identical Conduct, Which Caused the Same Injury</u>**

9   **<u>to Both Plaintiff and Class Members.</u>**

10        Under Rule 23(a)(2), there must be questions of law and/or fact common to the

11   proposed class.  "Commonality requires the plaintiff to demonstrate that the class

12   members 'have suffered the same injury.'"  *Wal-Mart Stores, Inc. v. Dukes*, __ U.S.__,

13   131 S. Ct. 2541, 2551, 180 L. Ed. 2d 374 (2011) (citation omitted).  In order to believe

14   that the class member claims can "productively be litigated at once," "[t]heir claims

15   must depend upon a common contention."  *Id.*  "That common contention, moreover,

16   must be of such a nature that it is capable of classwide resolution-which means that

17   determination of its truth or falsity will resolve an issue that is central to the validity of

18   each one of the claims in one stroke."  *Id.*  "What matters to class certification . . . is not

19   the raising of common 'questions'-even in droves-but, rather the capacity of a classwide

20   proceeding to generate common *answers* apt to drive the resolution of the litigation."

21   *Id.*

22        Here, this case is based on identical conduct by Defendant experienced by every

23   Class member.  Indeed, the case can be boiled down to a few common issues that can

24   easily be resolved according to class-wide proof.  These common legal and factual

25   questions, which do not vary from class member to class member, and which may be

26   determined without reference to the individual circumstances of any class member,

27   include, but are not limited to, the following:

28

(a)     Whether Defendant intentionally records or monitors confidential telephone communications;

(b)     Whether Defendant obtains consent before intentionally recording or monitoring confidential telephone communications;

(c)     Whether Defendant's conduct constitutes a violation of California Penal Code sections 631(a), 632(a) and/or 637;

(d)     Whether Defendant's conduct is "unfair" under California Business and Professions Code section 17200;

(e)     Whether, as a result of Defendant's misconduct, Plaintiff and the Class are entitled to damages, restitution, equitable relief and other relief, and the amount and nature of such relief.

The foregoing common questions will generate common answers in a classwide proceeding. *Dukes*, 131 S. Ct. at 2551.

In addition, Plaintiff and Class members have all suffered the same injury; that is, their right to privacy was violated.  As part of the California Invasion of Privacy Act, in 1967, the California Legislature expressly stated that the California Invasion of Privacy Act was intended "to protect the right of privacy of the people of this state."  (Cal. Penal Code § 630.)  The Legislature enacted section 632 of the California Penal Code to address the growing concern that "advances in science and technology have led to the development of new devices and techniques for the purpose of eavesdropping upon private communications and that the invasion of privacy resulting from the continual and increasing use of such devices and techniques has created a serious threat to the free exercise of personal liberties and cannot be tolerated in a free and civilized society."  (Cal. Penal Code § 630.)

Section 632 prohibits the intentional and unconsented to recording, monitoring, and/or eavesdropping upon confidential telephone communications by means of any electronic amplifying or recording device, including a wiretap.  "Intentional" within the context of section 632 merely requires that a defendant intend that the confidential

communication be recorded, monitored, and/or eavesdropped upon.  *See People v. Superior Court of Los Angeles County*, 70 Cal. 2d 123, 133, 449 P.2d 230, 74 Cal. Rptr. 294 (Cal. 1969).  No other wrongful or surreptitious intent is required.  The only intent required is that the defendant intended to record the confidential communication.

Accordingly, the claims of all Class members "stem from the same source." *Hanlon*, 150 F.3d at 1019-20.  There is clearly a common core of salient facts and legal issues.  *See Hanlon*, 150 F.3d at 1019.  Thus, the Rule 23(a)(2) commonality requirement is easily satisfied.

### 3.    The Typicality Requirement Is Satisfied Because Plaintiff's Claims All Are Based On The Same Conduct And Involve The Same Injury As The Class Members.

"The typicality prerequisite of Rule 23(a) is fulfilled if 'the claims or defenses of the representative parties are typical of the claims or defenses of the class.'" *Hanlon*, 150 F.3d at 1020 (quoting Fed. R. Civ. P. 23(a)(3)).  "Under the rule's *permissive* standards, representative claims are 'typical' if they are *reasonably co-extensive* with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020 (emphasis added).

"The purpose of the typicality requirement is to assure that the interest of the named representative aligns with the interests of the class." *Hanon*, 976 F.2d at 508. "'Typicality refers to the *nature* of the claim or defense of the class representative, and *not to the specific facts from which it arose* or the relief sought.'" *Id.* (citation omitted) (emphasis added).

"The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Id.* (citation omitted).  "Under Rule 23(a)(3), it is not necessary that all class members suffer the same injury as the class representative." *Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, 734 (9th Cir. 2007) (citing *Simpson v. Fireman's Fund Ins. Co.*, 231

F.R.D. 391, 396 (N.D. Cal. 2005) ("In determining whether typicality is met, the focus should be 'on the defendants' conduct and plaintiff's legal theory,' not the injury caused to the plaintiff.")).

Here, the claims of Ms. Shin are identical to the claims of the proposed Class. Ms. Shin alleges that her right to privacy was violated by Defendant's recording of her private conversation without her knowledge or consent.  (Shin Decl. ¶ 5; FAC ¶¶ 8-13.) Plaintiff's claims pose the same questions of law and fact as the class members and arises from the same privacy-based claims that give rise to the claims of the other class members.  Plaintiff suffered the same injury – the invasion of her right to privacy -- and seeks an injunction on behalf of all Class members.  Ms. Shin is not subject to any unique defenses that threaten to become the focus of the litigation.  *Hanon*, 976 F.2d at 508.  Accordingly, Plaintiff is well-suited to represent the Class.

### 4.    <u>Adequacy Of Representation Is Also Satisfied By Plaintiff And Her Counsel.</u>

"The final hurdle interposed by Rule 23(a) is that 'the representative parties will fairly and adequately protect the interests of the class.'"  *Hanlon*, 150 F.3d at 1020 (quoting Fed. R. Civ. P. 23(a)(4)).

"Resolution of two questions determines legal adequacy: (1) does the named plaintiff and her counsel have any conflicts of interest with other class members and (2) will the named plaintiff and her counsel prosecute the action vigorously on behalf of the class?" *Id.*

The class representatives may not have interests antagonistic to the remainder of the class. *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F. 2d 507, 512 (9th Cir. 1978).

### a.    <u>Plaintiff Is An Adequate Class Representative.</u>

The general rule is that an adequate class representative needs to only have personal experience with the claims of the lawsuit and, therefore, a general familiarity with the case, even if the class representative is unfamiliar with the litigation

proceedings.  *See, e.g., Jimenez v. Domino's Pizza, Inc.*, 238 F.R.D. 241, 249 (C.D. Cal. 2006).

Here, Plaintiff has personal experience with the claims of the lawsuit and is familiar with the underlying facts.  (*See* Shin Decl. ¶¶ 3-6.)  Plaintiff's right to privacy was violated when her confidential telephone call to Defendant was surreptitiously recorded by Defendant.  (Shin Decl. ¶¶ 3-5.)  Ms. Shin wants to fairly and adequately represent the interests of the class.  (Shin Decl. ¶ 2.)

Plaintiff is bringing this lawsuit to try to stop Defendant's invasion of her right to privacy by surreptitiously recording her confidential telephone conversations without prior notice.  (FAC ¶ 13.).  In sum, Plaintiff has no conflict of interest with any members of the Class.  (*See* Shin Decl. ¶¶ 3-5.)

Plaintiff's claims arise from the same uniform and standardized conduct of Defendant as the Class and Plaintiff seek remedies equally applicable and beneficial to the Class.

Plaintiff will fairly and adequately protect the interests of the members of the Class.

### b. <u>Counsel Is Qualified, Experienced And Has The Resources To Vigorously Prosecute This Action.</u>

In considering the requirement that "Plaintiffs are represented by qualified and competent counsel[,]" *Dukes v. Wal-Mart, Inc.*, 509 F.3d 1168, 1185 (9th Cir. 2007), *rev'd on other grounds,* __ U.S.__, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011), "the Court will look to the professional qualifications, skills, experience and resources of the lawyers." *Haley v. Medtronic, Inc.*, 169 F.R.D. 643, 650 (C.D. Cal. 1996).  Plaintiff is represented in this case by two prominent law firms with extensive experience in complex and class action litigation.

Plaintiff is represented by qualified and competent counsel who have the experience and resources necessary to vigorously pursue this action.

Newport Trial Group ("NTG") has vast experience in litigating class actions. (Ferrell Decl. ¶¶ 18-20 Exs. 9-10.)  NTG has spent considerable time and resources investigating the facts, researching the applicable law, and is committed to pursuing this case to resolution.  (Ferrell Decl. ¶¶ 21-22.)  And counsel have no conflicts of interest and will prosecute this action vigorously on behalf of Plaintiff and the Class.  (Ferrell Decl. ¶ 22.)  Thus, NTG is qualified to act as counsel for the Class.  (Ferrell Decl. ¶¶ 15-17.)

Similarly, Kirtland & Packard LLP ("K&P") is an internationally recognized law firm founded in 1932, which has a general civil litigation practice with an emphasis in the areas of class action, mass tort and complex litigation.  (Declaration of Michael L. Kelly of 8/15/12 ("Kelly Decl.") ¶ 2.)  K&P is qualified to act as counsel for the Class. (Kelly Decl. ¶¶ 3-11 Ex. A.)

## C.    Fed. R. Civ. P. 23(b)(2) Has Been Met.

Pursuant to Rule 23(b)(2), a class action is properly certified where the party against whom the relief is sought "has acted or refused to act on grounds generally applicable to a class of persons, thereby making appropriate final injunctive relief . . . with respect to the class as a whole." Fed. R. Civ. P. 23(b)(2).

"Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class.  It does not authorize class certification when each individual class member would be entitled to a *different* injunction or declaratory judgment against the defendant." *Wal-Mart Stores, Inc. v. Dukes*, __ U.S.__, 131 S. Ct. 2541, 2557, 180 L. Ed. 2d 374 (2011).

Setting forth a minimal standard, for a Rule 23(b)(2) class to be certified, "[i]t is sufficient if class members complain of a pattern or practice that is generally applicable to the class as a whole[, e]ven if some class members have not been injured by the challenged practice." *Walters v. Reno*, 145 F.3d 1032, 1047 (9th Cir. 1998).  "Although common issues must predominate for class certification under Rule 23(b)(3), no such requirement exists under 23(b)(2). *Id.*

**1.** **Plaintiff And The Class Complain Of Standardized Conduct Applicable To The Entire Class.**

Here, Plaintiff and the class allege that Defendant has a standard and uniform policy and/or practice of unlawfully recording all customer telephone calls without their knowledge or consent, which is generally applicable to the Class as a whole. (FAC ¶¶ 10, 28.)  In seeking injunctive relief, Plaintiff's goal is to stop Defendant's unlawful recording or monitoring of customer telephone calls.  (FAC ¶ 42.)  Plaintiff's Unfair Competition Law ("UCL") claim brought under Business and Professions Code section 17200 alleges that injunctive relief is necessary to prevent further fraudulent and unfair business practices by Defendant, which are ongoing and present a continuing threat to the members of the public.  (FAC ¶ 41.)  Plaintiff and the putative class seek an "indivisible injunction benefitting all its members at once." *Dukes*, 131 S. Ct. at 2558.

**D.** **The Requirements of Rule 23(b)(3) Have Been Met.**

Class certification pursuant to Rule 23(b)(3) requires that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."  Fed. R. Civ. P. 23(b)(3). "Certification under Rule 23(b)(3) is proper 'whenever the actual interests of the parties can be served best by settling their differences in a single action.'" *Negrete v. Allianz Life Ins. Co. of N. Amer.*, 238 F.R.D. 482, 489 (C.D. Cal. 2006) (quoting *Hanlon*, 150 F.3d at 1022).

**1.** **Common Issues Predominate Over Individual Issues For Both Causes Of Action.**

"The Rule 23(b)(3) predominance inquiry tests whether the proposed class[] [is] sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997).  "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is a clear justification for

1    handling the dispute on a representative rather than individual basis." *Hanlon*, 150 F.3d
2    at 1022.

3        The Court rests its examination on the legal or factual questions of the individual
4    class members. *Hanlon*, 150 F.3d at 1022. Central to this inquiry is "the notion that the
5    adjudication of common issues will help achieve judicial economy." *Zinser*, 253 F.3d
6    at 1189 (quoting *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996)).
7    "The policy at the very core of the class action mechanism is to overcome the problem
8    that small recoveries do not provide the incentive for any individual to bring a solo
9    action prosecuting his or her rights." *Amchem Prods.*, 521 U.S. at 617.

10        **a.    Common Questions Predominate Because There Are Few,**
11            **If Any, Individualized Factual Issues.**

12        Here, common questions of fact and law predominate over any alleged
13    idiosyncratic differences between proposed class members.

14        Common factual issues predominate because all of Plaintiff's claims – violation
15    of the UCL – are based on the identical action that Defendant uniformly takes on every
16    single telephone call to the proposed class members. *See, e.g., Hanlon*, 150 F. 3d at
17    1022. As discussed above regarding "commonality," the factual questions posed by this
18    case are simple – is Defendant unlawfully recording all customer telephone calls
19    without the knowledge or consent of its callers, and what are the damages? These are
20    all common issues that can be easily proven on a classwide basis. Indeed, there are few,
21    if any, factual issues that are individualistic and not class issues.

22        Although Plaintiff anticipates that Defendant will assert that individual questions
23    of damages defeats predominance, it is well established by the Ninth Circuit that "[t]he
24    amount of damages is invariably an individual question and *does not defeat class action*
25    *treatment*." *Blackie*, 524 F.2d at 905 (emphasis added); *Winkler v. DTE, Inc.*, 205
26    F.R.D. 235, 244 (D. Ariz. 2001) ("differences in the amount of damages alone will not
27    defeat class certification").

28        **2.    Class Treatment Is A Superior Method Of Adjudication.**

A class action must be "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Rule 23(b)(3) sets forth four nonexclusive factors for courts to consider regarding superiority:

> "(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action."

Fed. R. Civ. P. 23(b)(3)(A)-(D). "'A consideration of these factors requires the court to focus on the efficiency and economy elements of the class action so that cases allowed under subdivision (b)(3) are those that can be adjudicated most profitably on a representative basis.'" *Zinser*, 253 F.3d at 1190 (quoting 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1780, at 562 (2d ed. 1986)).

"A class action is the superior method for managing litigation if no realistic alternative exists." *Valentino*, 97 F.3d at 1234-35; *Reynoso*, No. SACV07-373-JVS (RCx), 2007 WL 4592119, at *4 (quotations omitted). In addition, a class action may be superior to other methods of litigation where "classwide litigation of common issues will reduce litigation costs and promote greater efficiency." *Valentino*, 97 F.3d at 1234.

### a. <u>Class Members Do Not Have a Strong Interest in Individually Controlling the Prosecution of Separate Actions.</u>

"Where damages suffered by each putative class member are not large, this factor weighs in favor of certifying a class action." *Zinser*, 253 F.3d at 1190; *id.* at 1191 (citing 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1779, at 557 (2d ed. 1986) ("For example, a group composed of consumers or small investors typically will be unable to pursue their claims on an individual basis because the cost of doing so exceeds any recovery they might secure. When this is the case it seems appropriate to conclude that the class action is superior to

other available methods for the fair and efficient adjudication of the controversy.")). "When the individual claims of class members are small, the class action 'facilitates the spreading of the litigation costs among the numerous injured parties' and encourages recovery for unlawful activity." *Wright v. Linkus Enterprises, Inc.*, 259 F.R.D. 468, 474 (E.D. Cal. 2009) (quoting *In re Warfarin Antitrust Litig.*, 391 F.3d 516, 534 (3d Cir. 2004)); *Amchen Products, Inc. v. Windsor*, 521 U.S. 591, 617, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997) (noting that the Advisory Committee to Rule 23 "had dominantly in mind vindication of 'the rights of groups of people who individually would be without effective strength to bring their opponents into court at all.").

Here, Class members do not have a strong interest in individually controlling the prosecution of separate actions. Plaintiff's First Amended Complaint states that it seeks "the statutory remedies provided in section 637.2 of the California Penal Code, i.e. $5,000 per statutory violation or three times the amount of actual damages, whichever is higher." (FAC, ¶ 30); (FAC at 10:23-24). A $4,000 per class member statutory damages sum has been characterized as "not large". *See McKenzie v. Fed. Ex. Corp.*, 275 F.R.D. 290, 301 (C.D. Cal. 2011) (Feess, J.). Thus, the Class members will likely be interested in pursuing this matter as a class, rather than individually, because the individual damages claims of each class member are not substantial enough to warrant individual filings.

### b. Putative Class Members Have Not Commenced Individual Actions Against Defendant.

"'This [Rule 23(b)(3)(B)] factor is intended to serve the purpose of assuring judicial economy and reducing the possibility of multiple lawsuits . . . . If the court finds that several other actions already are pending and that a clear threat of multiplicity and a risk of inconsistent adjudications actually exist, a class action may not be appropriate since, unless the other suits can be enjoined, . . . a Rule 23 proceeding only might create one more action . . . . Moreover, the existence of litigation indicates that some of the interested parties have decided that individual actions are an acceptable

way to proceed, and even may consider them preferable to a class action.  Rather than allowing the class action to go forward, the court may encourage the class members who have instituted the Rule 23(b)(3) action to intervene in the other proceedings.'" *Zinser*, 253 F.3d at 1191 (quoting 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1780 at 568-70 (2d ed. 1986)).

Neither Plaintiff nor her counsel is aware of any other lawsuits against Defendant commenced by or on behalf of members of the Class concerning the claims and issues raised in the instant putative class action.  (Ferrell Decl. ¶ 24.)  This suggests that a class action is needed because the amount at issue for an individual plaintiff is not enough to warrant an individual filing.  *Newberg on Class Actions*, § 4:30 (4th ed. 2002).  "Thus, this subfactor weighs in favor of class certification because there appears to be no risk of multiple adjudications and no indication that absent class members would prefer individual actions."  *Winkler*, 205 F.R.D. at 245.

### c.   It Is Desirable to Concentrate the Litigation of the Claims in the Central District of California.

The Central District of California is an appropriate forum because Plaintiff is not aware of any other class action litigation concerning the claims.  *Newberg on Class Actions*, § 4:31 (4th ed. 2002) ("In the class action context, the desirability of concentrating claims in a particular forum is relevant only when other class litigation has already been commenced elsewhere.").

Moreover, the scope of this class action is narrow insofar as the class member definition is limited to "[e]very person located in California."  (FAC ¶ 14.)  Thus, the potential plaintiffs are not located across the country or in any state other than the State of California.  In addition, Plaintiff resides in Los Angeles County, California, (FAC ¶ 1), which is located within the Central District of California.

### d.   Managing This Particular Class Action Is Unlikely to Be Difficult.

"The Rule 23(b)(3)(D) manageability inquiry 'encompasses the whole range of practical problems that may render the class action format inappropriate for a particular suit.'" *Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 474, 491 (E.D. Cal. 2006) (quoting *Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 164, 94 S. Ct. 2140, 40 L. Ed. 2d 732 (1974)).   "[W]hen the complexities of class action treatment outweigh the benefits of considering common issues in one trial, class action treatment is not the 'superior' method of adjudication." *Zinser*, 253 F.3d at 1192.   "If each class member has to litigate numerous and substantial separate issues to establish his or her right to recover individually, a class action is not 'superior.'"   *Id.*   "Even where individual issues exist, the value of treating them separately decreases as the commonality of issues increases." *Romero*, 235 F.R.D. at 491; *Brink v. First Credit Resources*, 185 F.R.D. 567, 572 (D. Ariz. 1999) ("The more that common issues predominate, the more likely it is that a class action is superior.").

The class is narrowly defined to include only persons located in California. (FAC, ¶ 14.)   Only the law of the State of California, i.e., California Penal Code sections 631(a), 632(a), and/or 637, is being raised.   (FAC ¶¶ 17, 26, 29.)   Thus, resolving the instant putative class action requires only the application of one state's laws, i.e., California law.   This factor supports Plaintiff's position that this putative class action is manageable. *See Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 474, 491 (E.D. Cal. 2006) ("All of the claims are governed by the same state law.").

Moreover, there is a significant possibility that the resolution of a common factual and legal issue--whether Defendant violated California law by unlawfully recording all telephone conversations involving its callers—will resolve this entire action.   Because the dispute between the parties concerns legal and factual issues shared by Class members that are subject to generalized proof, class certification is more efficient than individual actions would be.

Indeed, if the tens of thousands or more plaintiffs pursued their claims individually, they would clog the "courts with innumerable individual suits litigating

**MEM. OF POINTS AND AUTH. ISO MOT. FOR CLASS CERTIFICATION**

1   the same issues repeatedly."  *Dukes v. Wal-Mart, Inc.*, 509 F.3d 1168, 1193 (9th Cir.

2   2007), *rev'd on other grounds*, __ U.S.__, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011);

3   *Herrera v. LCS Financial Servs. Corp.*, 274 F.R.D. 666, 682 (N.D. Cal. 2011) ("A class

4   action is judicially efficient in lieu of clogging the courts with thousands of individual

5   suits.").

6        Although Plaintiff anticipates that Defendant will assert that there are individual

7   questions of damages, the calculation of damages can be efficiently addressed via

8   Defendant's records of recorded telephone conversations and records identifying actual

9   and/or potential customers to be obtained through discovery.  It is well established by

10  the Ninth Circuit that "[t]he amount of damages is invariably an individual question and

11  *does not defeat class action treatment*."  *Blackie*, 524 F.2d at 905 (emphasis added).

12       Thus, the overwhelming benefits that inhere in litigating this matter as a class

13  action outweigh any difficulties in the management of the case as a class action.  For

14  example, given that the Court is required to accept as true the allegations in Plaintiff's

15  First Amended Complaint, each member of the putative class is entitled to at least

16  $5,000 under section 637.2 of the California Penal Code.  (FAC ¶ 30.)  Such recovery

17  would likely not occur but for class treatment.  Thus, the class method is superior.

18       **E.     Newport Trial Group and Kirtland & Packard LLP Should Be**

19               **Appointed Class Counsel.**

20       Rule 23(g) requires that a district court appoint class counsel for any class that is

21  certified.  *See* Fed. R. Civ. P. 23(g)(1)(A).  In appointing class counsel, Rule 23(g) lists

22  four factors for consideration: (1) the work counsel has done in identifying or

23  investigating potential claims in the action; (2) counsel's experience in handling class

24  actions or other complex litigation and the type of claims in the litigation; (3) counsel's

25  knowledge of the applicable law; and (4) the resources that counsel will commit to

26  representing the class.  Fed. R. Civ. P. 23(g).

27       NTG has vast experience in litigating class actions.  (Ferrell Decl. ¶¶ 18-20 Exs.

28  9-10.)   NTG has spent considerable time and resources investigating the facts,

1  researching the applicable law, and is committed to pursuing this case to resolution.

2  (Ferrell Decl. ¶¶ 21-22.)  And counsel have no conflicts of interest and will prosecute

3  this action vigorously on behalf of Plaintiff and the Class.  (Ferrell Decl. ¶ 22.)  Thus,

4  NTG is qualified to act as counsel for the Class.  (Ferrell Decl. ¶¶ 15-17.)

5       Similarly, K&P is an internationally recognized law firm founded in 1932, which

6  has a general civil litigation practice with an emphasis in the areas of class action, mass

7  tort and complex litigation.  (Kelly Decl. ¶ 2.)  K&P is qualified to act as counsel for the

8  Class.  (Kelly Decl. ¶¶ 3-11 Ex. A.)

9       Thus, the Court should designate NTG and K&P as class counsel.

10  **IV.**   **CONCLUSION**

11       For the foregoing reasons, Plaintiff, on behalf of herself and the proposed class,

12  respectfully requests that the Court issue an order granting this motion for class

13  certification and appointing Newport Trial Group and Kirtland & Packard LLP as class

14  counsel pursuant to Fed. R. Civ. P. 23(g).

15  Dated:  August 15, 2012       NEWPORT TRIAL GROUP

16

17

18

19        By: _/s/Scott J. Ferrell_____

20        SCOTT J. FERRELL
      *Counsel for Plaintiff and all others similarly*
      *situated*

21

22

23

24

25

26

27

28

-

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2012, I electronically filed the foregoing **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.


   /s/Scott J. Ferrell
    Scott J. Ferrell